UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LOUIS REED, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV420-265 |
| | ) | CV421-271 |
| SOCIAL SECURITY ADMINISTRATION, and U.S. ATTORNEY OFFICE, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# ORDER

*Pro se* plaintiff Louis Reed, Jr. has filed two virtually identical cases alleging that his Social Security Disability benefits were improperly withheld. *See* CV420-265, doc. 1-1 (S.D. Ga. Oct. 27, 2020); CV421-271, doc. 1 (S.D. Ga. Sept. 27, 2021). The Court previously directed Reed to show cause why the two cases should not be consolidated. *See, e.g.*, CV420-265, doc. 11 at 2 (S.D. Ga. Nov. 18, 2021). Although Reed did not timely respond to that Order, several unopposed extension requests from the Government were granted. *See* docs. 16 & 17. The Government has now moved to dismiss both cases. *See* CV420-265, doc. 18 (S.D. Ga. Mar. 1, 2022); CV421-271, doc. 13 (S.D. Ga. Mar. 1, 2022). Reed has responded

to those motions,[1] and conceded that the cases should be consolidated. *See* CV420-265, doc. 19 (S.D. Ga. Apr. 19, 2022); CV421-271, doc. 14 (S.D. Ga. Apr. 19, 2022). Since his response fails to address the Government's meritorious arguments, as discussed below, its Motions are **GRANTED**. CV420-265, doc. 18 (S.D. Ga. Mar. 1, 2022); CV421-271, doc. 13 (S.D. Ga. Mar. 1, 2022). Reed's motions to consolidate the cases are, therefore, **DISMISSED** as moot. CV420-265, doc. 19 (S.D. Ga. Apr. 19, 2022); CV421-271, doc. 14 (S.D. Ga. Apr. 19, 2022).

The Government seeks dismissal of both of Reed's cases on several grounds. *See, e.g.,* CV420-265, doc. 18 at 1 (S.D. Ga. Mar. 1, 2022).[2] Among the bases for dismissal asserted by the Government is that this

---

[1] Reed's response to the Government's motions to dismiss is untimely. *See* CV420-265, doc. 18 (filed Mar. 1, 2022), doc. 19 (filed April 19, 2022); CV421-271, docs. 13 & 14 (same); *see also* S.D. Ga. L. Civ. R. 7.5 ("Unless these rules or the assigned Judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion," and "[f]ailure to respond within the applicable time period shall indicate that there is no opposition to a motion."). Plaintiff's failure to oppose the motions does not obviate the need to consider the merits of his complaint. *See, e.g., Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 330 (11th Cir. 2020) (citing *Giummo v. Olsen*, 701 F. App'x 922 (11th Cir. 2017)). Accordingly, the Court has considered Reed's response, such as it is, in opposition to the Government's motions.

[2] Although, as discussed below, consolidation of these cases is moot, the pleadings are identical. The Court, therefore, cites to the pleadings in CV420-265, unless otherwise noted.

Court lacks subject-matter jurisdiction over Reed's claims. *See id.*; *see also* doc. 11 at 2-3 (expressing doubts concerning jurisdiction and defendants' immunity). Federal courts are courts of limited jurisdiction, and, as such "only possess that power authorized by the Constitution and by statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court must presume a case lies outside of its jurisdiction unless the plaintiff shows that there is some basis for jurisdiction. *See id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P 12(h)(3).

The Government's first argument that this Court lacks jurisdiction over Reed's claims is predicated upon the named defendants, the United States Social Security Administration and the United States Attorney's Office for the Northern District of Florida's, sovereign immunity. *See* doc. 18 at 6-7, 13-14. Assertions of sovereign immunity are "jurisdictional in nature." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). As the Supreme Court has stated: "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). As the Government points out, Reed "identifies no statute or other act of

3

Congress waiving Defendant's sovereign immunity for Plaintiff's claims." *See* doc. 18 at 6.  His response to the Government's Motion is similarly silent.  *See generally* doc. 19.  The Government addresses that silence by considering several alternatives which might implicate a waiver of sovereign immunity, *see* doc. 18 at 7, and excludes each in turn.  In the absence of any meaningful response from Reed, the Court has followed the Government's structure.

The closest that Reed's pleadings come to identifying a legal basis for his dispute over the withheld benefits is his contention that the withholding "creates abuse, creates vindictiveness and cruel and unusual punishment upon Plaintiff . . . , incessantly in violation to the 8th and 14th Amendment [sic] to the United States Constitution."  Doc. 19 at 2; *see also, e.g.,* doc. 1-1 at 5 (alleging defendants "violated [his] 6th, 8th, and 14th Amendment Rights to the U.S. Constitution.").  Those contentions suggest a claim pursuant to the Supreme Court's opinion in *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).[3]  *See*

---

[3] "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials."  *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal quotation and citation omitted).

doc. 1-1 at 3. However, this Court has recognized that sovereign immunity, absent a waiver, precludes *Bivens* claims. *See Finch v. E. Cent. Reg. Hop'l*, 2011 WL 4055209, at *3 (S.D. Ga. Aug. 15, 2011).[4] To the extent that Reed asserts a *Bivens* claim against either defendant, therefore, his claims are **DISMISSED**.

Despite Reed's characterization of his claim as a *Bivens* claim, the Government argues that the Court also lacks jurisdiction over Reed's claims construed as claims under the Federal Tort Claims Act ("FTCA"). *See* doc. 18 at 15-17. "A claim is actionable [under the FTCA] if it alleges the six elements of § 1346(b), which are that the claim be: [1] against the United States, [2] for money damages, [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in

---

[4] Courts have also explicitly recognized that no *Bivens* claim lies against the defendant agencies. *Marshall v. United States*, 763 F. App'x 862, 865 (11th Cir. 2019) (citing *Meyer*, 510 U.S. at 486) ("*Bivens* does not provide for an action against federal agencies like the United States Attorney's Office . . . ."); *Horne v. Social Sec. Admin.*, 359 F. App'x 138, 143 (11th Cir. 2010) (citing *Shweiker v. Chilicky*, 487 U.S. 412, 425-29 (1988)) ("The Supreme Court has declined to imply a *Bivens* remedy for monetary damages for people improperly denied social security benefits.").

accordance with the law of the place where the act or omission occurred." *Brownback v. King*, ___ U.S. ___, 141 S. Ct. 740, 746 (2021) (internal quotation marks, alterations, and citation omitted). Very charitably, Reed's allegations might implicate such a claim. However, "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). As the Government points out, an FTCA plaintiff's failure to "allege facts sufficient to show that he exhausted administrative remedies—a jurisdictional prerequisite to his suit under the FTCA," mandates dismissal of such a claim. *Pompey v. Coad*, 314 F. App'x 176, 179 (11th Cir. 2008); *see also Johnson on behalf of Haynes v. Smith*, 2022 WL 525888, at *4 (N.D. Ga. Feb. 22, 2022) (dismissing FTCA claim on frivolity review for failure to show exhaustion). To the extent that Reed asserts any claims under the FTCA, they are **DISMISSED**.

Although Reed consistently characterizes this case as involving a "claim for damages," doc. 19 at 1; *see also* doc. 1-1 at 6 (specifying amount of monetary damages claimed), he also appears to challenge the validity of ongoing conduct, *see, e.g.,* doc. 19 at 2-3 (alleging "on or about April 1st, 2022 the U.S. Social Security Administration, and the Office of the

Inspector General has administratively seized 100% percent of Plaintiff's Social Security Disability Income checks," and that defendants "erred violated established federal law."). As the Government points out, disputes concerning the final decisions by the Commissioner of Social Security are reviewable. *See* doc. 18 at 7-8 (citing 42 U.S.C. § 405(g)). However, that review does not permit an action for damages. *See id.*; *see also, e.g., Campbell v. Berryhill*, 2018 WL 2472607, at *2 (S.D. Ga. May 15, 2018) (citing, *inter alia.*, *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 8-10 (2000)). Moreover, Reed has identified no "final decision," reviewable under § 405(g). *See* doc. 18 at 10-13. Plaintiff's response does not dispute that assertion. *See* doc. 19 at 2. Given Plaintiff's unambiguous assertion that he seeks monetary damages, and the apparent futility of any claim for judicial review pursuant to § 405(g), the Court declines to construe such a claim.

In summary, Reed has failed to establish that this Court has subject matter jurisdiction over his claim, or claims, for monetary damages. The Government's Motion to Dismiss those claims, pursuant to Federal Rule of Civil Procedure 12(b)(1), is, therefore, **GRANTED**. CV420-265, doc. 18; CV421-271, doc. 13. Since the Court lacks jurisdiction, it does not

reach the Government's arguments concerning the substance of Reed's Complaint, pursuant to Rule 12(b)(6).  Reed's complaints in both cases, CV420-265 and CV421-271, therefore, are **DISMISSED**.  The Clerk of Court is **DIRECTED** to **CLOSE** both cases.  Reed's Motion to Consolidate the cases is **DISMISSED** as moot.  CV420-265, doc. 19; CV421-271, doc. 14.

**SO ORDERED,** this 21st day of April, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA